IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Emmett Ray Nall, # 154986,    )
    )    Civil Action No. 6:14-2733-JFA-KFM
    )
          Petitioner,  )
    )    **REPORT OF MAGISTRATE JUDGE**
    )
       vs.    )
    )
    )
Warden of Perry Correctional  )
Institution,    )
    )
          Respondent.  )
_____)

The petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections.  The petitioner is serving a sentence of life without parole for convictions for second-degree burglary and petit larceny entered in the Court of General Sessions for Greenville County on September 16, 2007.   This is an action styled as a Rule 5.1 motion ("MOTION ATTACKING STATE STATUTE PURSUANT TO RULE 5.1"), which seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).   When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although the pleading in styled as a Rule 5.1 motion, the pleading is actually a successive Section 2254 petition. *See Watson v. Rivera*, Civil Action No. 9:11-957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011) ("'Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.'"), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012).

The petitioner has had a prior Section 2254 action relating to his conviction. On May 29, 2007, he brought a habeas corpus action to challenge his 1997 state convictions for second-degree burglary and petit larceny. *See Emmett Ray Nall v. Warden Bazzle*, Civil Action No. 6:07-1483-JFA-WMC. On May 7, 2007, the Honorable William M. Catoe, United States Magistrate Judge (now retired), granted the petitioner's motion for leave to proceed *in forma pauperis* and directed the respondent to file an answer. On August 6, 2007, the petitioner filed an amended petition. On August 29, 2007, the respondent in Civil Action No. 6:07-1483-JFA-WMC filed a return and motion for summary judgment. On August 31, 2007, Judge Catoe issued a *Roseboro* order apprising the petitioner of summary judgment procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner filed his response on September 26, 2007.

In a Report and Recommendation filed in Civil Action No. 6:07-1483-JFA-WMC on January 10, 2008, Judge Catoe recommended that the respondent's motion for summary judgment be granted. On January 28, 2008, the petitioner filed his timely written objections to the Report and Recommendation and on January 29, 2008, filed a motion to amend petition. On March 19, 2008, the Honorable Joseph F. Anderson, Jr., United States District Judge, granted the motion to amend and

2

dismissed the respondent's motion for summary judgment *without prejudice* and with leave to refile.  On April 10, 2008, Magistrate Judge Catoe authorized service of the amended petition.  The petitioner filed his own motion for summary judgment on May 29, 2008.  After receiving extensions of time, the respondent filed a motion for summary judgment on August 29, 2008, and responded to the petitioner's motion for summary judgment.  Judge Catoe issued on *Roseboro* order on September 2, 2008.  The petitioner filed his response on September 10, 2008.

In a Report and Recommendation filed in Civil Action No. 6:07-1483-JFA-WMC on December 16, 2008, Judge Catoe recommended that the respondent's motion for summary judgment be granted and that the petitioner's motion for summary judgment be denied.  The petitioner filed timely written objections on December 23, 2008.  On February 9, 2009, Judge Anderson granted the respondent's motion for summary judgment and denied the petitioner's motion for summary judgment.  The petitioner's subsequent appeal (Fourth Circuit Docket No. 09-6314) in Civil Action No. 6:07-1483-JFA-WMC was not successful.  On August 26, 2009, the United States Court of Appeals for the Fourth Circuit dismissed the appeal in *Nall v. Bazzle*, No. 09-6314, 332 Fed.App'x. 101, 102 (4th Cir. Aug. 26, 2009).

The successiveness of a habeas petition may be raised by a district court *sua sponte*.  *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).  This court may take judicial notice of Civil Action No. 6:07-1483-JFA-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior

3

petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).   Since Civil Action No. 6:07-1483-JFA-WMC was decided by summary judgment, the instant petition is successive, notwithstanding any subsequent filings by the petitioner in state court.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case.   Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return because the petition is successive. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the district court deny a certificate of appealability. The petitioner's attention is directed to the important notice on the next page.

July 17, 2014                                   s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).